UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEVISTER C. HOLLINSWORTH,

                               Plaintiff,

                                                                                            Case # 15-CV-543-FPG

v.

                                                                                            DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                               Defendant.
_____

## INTRODUCTION

Plaintiff Levister C. Hollinsworth ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 12, 15. For the reasons stated below, Plaintiff's motion (ECF No. 12) is GRANTED and the Commissioner's motion (ECF No. 15) is DENIED.

## BACKGROUND

On December 19, 2011, Plaintiff protectively filed an application for SSI under the Act. Tr.[1] 22. Plaintiff alleges disability since December 19, 2011 due to back problems, heart problems, sleeping problems, and arthritis in both knees. Tr. 153. After Plaintiff's application was denied at the initial level, a hearing was held before Administrative Law Judge William M. Weir ("the ALJ") on May 10, 2013. Tr. 33-57. At the hearing, Plaintiff appeared with his

---

[1]     References to "Tr." are to the administrative record in this matter.

attorney and testified.  *Id.*  On February 28, 2014, after considering Plaintiff's application *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act.  Tr. 22-29.  That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 22, 2015.  Tr. 1-5.  Plaintiff then filed this civil action.  ECF No. 1.

**LEGAL STANDARDS**

**I.      Disability Determination**

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d).  Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act.  20 C.F.R. § 416.920.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity.  20 C.F.R. § 416.920(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled.  *Id.*  If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings").  If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 416.909) is satisfied, then the claimant is disabled.  20 C.F.R. § 416.920(a)(4)(iii).  If it does not,

the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 416.945(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 416.920(a)(4).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

**II.     District Court Review**

District Court review of the Commissioner's decision is not *de novo*. *See, e.g.*, *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g.*, *Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

### I.  The ALJ's Decision

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 19, 2011, his alleged onset date.  Tr. 24.  At step two, the ALJ found that Plaintiff has the following severe impairment: "status post coronary artery bypass surgery."  Tr. 24-25.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a Listings impairment.  Tr. 25.

The ALJ then determined that Plaintiff has the RFC to perform the full range of light work.[2]  Tr. 25-28.  At step four, the ALJ found that Plaintiff does not have any past relevant work.  Tr. 28.

At step five, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids").  Tr. 28.  Specifically, the ALJ noted that Plaintiff was 52 years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d), on the date his application was filed.  *Id.*  The ALJ then cited Medical-Vocational Rule 202.13, which indicated a finding of "not disabled" given Plaintiff's age, education, work experience, and RFC of light work.  Accordingly, the ALJ found that Plaintiff is not disabled under the Act.  *Id.*

---

[2]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

**II.       Plaintiff's Challenges to the Commissioner's Decision**

Plaintiff raises five challenges to the Commissioner's final decision.  ECF No. 12-1. Specifically, Plaintiff argues that remand is warranted for the following reasons: (1) the Appeals Council failed to address the opinion of Plaintiff's treating physician Frances Ilozue, M.D. ("Dr. Ilozue"); (2) the ALJ erred in failing to find Plaintiff's lumbar spine and bilateral knee injuries to be severe impairments at step two; (3) the ALJ failed to address Plaintiff's medically required use of a cane in the RFC assessment; (4) the ALJ erred by mechanically applying the age categories to find that Plaintiff was a "person closely approaching advanced age"; and (5) new and material evidence should be considered under 42 U.S.C. § 405(g).  *Id.*  Because remand is warranted on the basis of Plaintiff's first and fourth arguments, Plaintiff's second, third and fifth arguments need not be reached.

**A.       Appeals Council Denial**

Plaintiff submitted to the Appeals Council an Impairment Questionnaire filled out by Dr. Ilozue and dated June 18, 2014.  Tr. 358-362.  In that questionnaire, Dr. Ilozue indicated that she first saw Plaintiff on June 2, 2014 and that she sees Plaintiff on a monthly basis.  Tr. 358.  Dr. Ilozue opined that due to Plaintiff's back pain and knee pain, Plaintiff could only perform a job while seated or while standing and walking for less than one hour each day.  Tr. 360.  Dr. Ilozue also opined that Plaintiff could only occasionally lift or carry 5-10 pounds and could never lift or carry 10-20 pounds.  *Id.*  Near the end of the questionnaire, Dr. Ilozue indicated that her opinions regarding Plaintiff's limitations apply as far back as January 1, 2012.  Tr. 362.

In denying Plaintiff's request for review, the Appeals Council stated that it had "looked at" the records from Dr. Ilozue but that: "The [ALJ] decided your case through February 28, 2014. This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before February 28, 2014."  Tr. 2.

Pursuant to 20 C.F.R. § 416.1470(b), the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision. If the Appeals Council fails to fulfill its obligations under § 416.1470(b), "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel,* 98 F. Supp. 2d 209, 216 (D. Conn. 2000)); *see also Seifried ex rel. A.A.B. v. Comm'r of Soc. Sec.*, No. 6:13-CV-0347, 2014 WL 4828191, at *4-5 (N.D.N.Y. Sept. 29, 2014).

Here, the Appeals Council erred when it summarily rejected and failed to consider Dr. Ilozue's report even though it was new, material, and related back to the relevant time period. The report was certainly "new" because it was generated after the ALJ's decision and was not merely cumulative of other evidence in the record. *Milano*, 98 F. Supp. 2d. at 215. The report was also clearly material; the ALJ concluded that Plaintiff could perform light work, Tr. 25, but Dr. Ilozue opined that Plaintiff could not fulfill the exertional requirements of light work because he could not lift more than 10 pounds, could not perform a job while seated for more than one hour, and could not perform a job while standing or walking for more than one hour. Tr. 360; *see* 20 C.F.R. § 416.967(b). Lastly, Dr. Ilozue expressly indicated in her report that her opinions related back as far as January 1, 2012. Tr. 362.

The Commissioner argues that the Appeals Council acted appropriately because Dr. Ilozue's findings were unsupported and inconsistent with other evidence in the record. ECF No. 15-1, at 10-12. This argument is unavailing because it amounts to a *post hoc* rationalization of the Appeals Council's decision to not even consider the report from Dr. Ilozue at all. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action.'") (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).

The Commissioner also argues that Dr. Ilozue is not a "treating source" because she had only seen Plaintiff twice before she submitted her report. ECF No. 15-1, at 12-13 (citing Tr. 358). A medical opinion from a physician who has only examined the claimant once or twice, and therefore has not actually developed a physician/patient relationship with the claimant, is not entitled to the benefit of the so-called "treating physician rule." *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983)). But the fact that Dr. Ilozue was not a "treating physician" does not mean that the Appeals Council was entitled to ignore her report entirely. As stated above, the Appeals Council has a duty under section 416.1470(b) to consider additional evidence that is new, material, and relates to the time on or before the ALJ's decision. Thus, although the Appeals Council was not required to treat Dr. Ilozue's report as a treating source opinion and give "good reasons" for rejecting it, the Appeals Council was still obligated to at least consider the report rather than summarily rejecting it without any consideration at all.

Similarly, the Commissioner argues that the Appeals Council was not required to provide an "elaborate explanation" of why it denied Plaintiff's request for review. ECF No. 15-1, at 14-16. 20 C.F.R. § 416.1476(b)(1) provides that "if you submit evidence that does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will explain why it did not accept the additional evidence and will advise you of your right to file a new application." But here, aside from the boilerplate statement that "[t]his new information is about a later time," the Appeals Council did not provide any explanation at all for why it did not consider Dr. Ilozue's report. Tr. 1-5. This boilerplate language is especially insufficient in this case, where Dr. Ilozue specifically indicated in her report that her opinions related back as far as January 1, 2012. Tr. 362.

Lastly, the Commissioner argues that the Notice of Appeals Council Action is shielded from judicial review because the Appeals Council left the ALJ's decision as the final decision of the Commissioner rather than issuing its own decision. ECF No. 15-1, at 13-16. This argument is premised on the language of 42 U.S.C. § 405(g), which allows claimants to obtain judicial review of the "final decision of the Commissioner of Social Security." But such a narrow conception of what is included as part of the Commissioner's "final decision"—in other words, what is subject to judicial review—is foreclosed by *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). In *Perez*, the Second Circuit held that when additional evidence is submitted to the Appeals Council, the Commissioner's final decision "necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Id.* (internal quotations omitted). The court in *Perez* went on to explain that "[w]hen the Appeals Council denies review after considering new evidence, we simply review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary." *Id.* at 46. Here, in light of Dr. Ilozue's report, the Commissioner's decision is not supported by substantial evidence and must be remanded.

  **B.**  **Age Categories**

At step five of the disability analysis, the Commissioner considers a claimant's age, education, work experience, and RFC to determine whether the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). With respect to age, the Commissioner "consider[s] advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment." 20 C.F.R § 416.963(a). The SSA's regulations set forth the following age categories: younger person (under 50), person closely approaching advanced age (50-54), and

person of advanced age (55 or older). 20 C.F.R § 416.963(c)-(e). These age categories are then used in the Grids to make determinations at step five. Subsection (b) of that regulation states:

> We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. *We will not apply the age categories mechanically in a borderline situation.* If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 416.963(b) (emphasis added). If a claimant's age is "borderline" and the ALJ fails to consider whether the higher age category should be used, remand is warranted so long as using a higher age category would entitle the claimant to benefits. *See, e.g.*, *Davis v. Shalala*, 883 F. Supp. 828, 838-39 (E.D.N.Y. 1995).

SSA regulations do not provide any bright-line rule for determining which cases are "borderline." This lack of clarity is intentional; indeed, SSR 83-10 states that "[n]o fixed guidelines as to when a borderline situation exists are provided since such guidelines would themselves reflect a mechanical approach." SSR 83-10, 1983 WL 31251, at *8 (Jan. 1, 1983). However, the SSA's Hearings, Appeal and Litigation Law Manual ("HALLEX") provides the following guidance:

> SSA does not have a precise programmatic definition for the phrase "within a few days to a few months." The word "few" should be defined using its ordinary meaning, e.g., a small number. Generally, SSA considers a few days to a few months to mean a period not to exceed six months.

HALLEX I-2-2-42, BORDERLINE AGE, 2016 WL 1167001, at *1 (Mar. 25, 2016).

Most district courts within the Second Circuit align with the HALLEX and hold that a period of up to six months is borderline. *Torres v. Comm'r of Soc. Sec.*, 2015 WL 5444888, at *10 (W.D.N.Y. Sept. 15, 2015) (collecting cases); *Souliere v. Colvin*, No. 2:13-CV-236, 2015 WL 93827, at *5 (D. Vt. Jan. 7, 2015) (same); *Metaxotos v. Barnhart*, No. 04 CIV. 3006, 2005 WL 2899851, at *7-8 (S.D.N.Y. Nov. 3, 2005) (six months and fourteen days is borderline);

*Roberson v. Heckler*, No. 83 CIV. 4753, 1984 WL 621, at *3 n.5 (S.D.N.Y. July 19, 1984) (almost five months is borderline); *but see Smolinski v. Astrue*, No. 07-CV-386, 2008 WL 4287819, at *4 (W.D.N.Y. Sept. 17, 2008) (four and a half months not borderline). The court in *Metaxotos* also noted that "because it is the Commissioner who bears the burden at step five, it is her burden to establish that a case is not a borderline case where she relies on the medical vocational rule to deny a claim." *Metaxotos*, 2005 WL 2899851, at *8.

When a borderline age situation does exist, HALLEX I-2-2-42 directs ALJs to consider all other factors relevant to the case (such as RFC, education, and work experience) in determining whether to apply the higher age category. HALLEX I-2-2-42, 2016 WL 1167001, at *2.

Here, the ALJ erred by mechanically applying the age categories. Plaintiff was born on July 19, 1959. Tr. 128. In his decision, the ALJ concluded that Plaintiff was a "person closely approaching advanced age" because he was 52 years old on the date his SSI application was filed. Tr. 28. However, for the purpose of an application for SSI under Title XVI of the Act, *the date of the ALJ's decision* is the relevant date for calculating the claimant's age. *Koszuta v. Colvin*, No. 14-CV-694, 2016 WL 824445, at *2 (W.D.N.Y. Mar. 3, 2016). When the ALJ issued his decision on February 28, 2014, Plaintiff was 4 months and 19 days shy of his 55th birthday. Both parties agree that if Plaintiff had been classified as a "person of advanced age," Plaintiff would have been found disabled based on Medical-Vocational Rule 202.04.[3] ECF No. 12-1, at 21; ECF No. 15-1, at 19-21. Therefore, because Plaintiff was less than six months away from becoming a person of advanced age, use of the higher age category would have resulted in a finding of disability, and the ALJ failed to consider whether the higher age category should be used in Plaintiff's case, remand is warranted.

---

[3] Indeed, when Plaintiff reapplied for SSI after he turned 55, he was found disabled under Rule 202.04 without the need for a hearing. *See* ECF No. 12-2, at 10.

Plaintiff further asserts that this case should be remanded for calculation of benefits, rather than remanded for further proceedings, because the other vocational factors in Plaintiff's case indicate that Plaintiff would not be able to adjust to other work. ECF No. 12-1, at 21. Specifically, Plaintiff notes that he has no past relevant work and no transferable skills because he has not worked since 1999; that prior to 1999, Plaintiff's work experience consisted of two low-wage, unskilled jobs as a factory laborer and maintenance man; and that Plaintiff is computer illiterate. *Id.* The Commissioner does not provide any argument to the contrary, but rather maintains that this was not a borderline age situation. ECF No. 15-1, at 19-21. Given the vocational factors at issue here, remand for calculation of benefits is appropriate. *See Hill v. Sullivan*, 769 F. Supp. 467, 471 (W.D.N.Y. 1991) (remanding for calculation of benefits under similar circumstances).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED. With respect to the closed period from December 19, 2011 through February 27, 2014, this matter is remanded for further proceedings in accordance with this decision. As of February 28, 2014, this matter is remanded solely for calculation of benefits. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 6, 2016
　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HON. FRANK P. GERACI, JR.
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court